IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| ERIC CADE, | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-19-3260 |
| | * | |
| LAURA H.G. O'SULLIVAN, *et al.*, | | |
| | * | |
| Defendants. | | |
| | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION AND ORDER

Plaintiff Eric Cade initiated this *pro se* action alleging claims of wrongful foreclosure, violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, violation of regulations implementing the Truth in Lending Act ("TILA"), 12 C.F.R. pt. 226, breach of contract, slander of title and slander of credit, and intentional or negligent infliction of emotional distress, against Defendants Laura H.G. O'Sullivan and McCabe, Weisberg & Conway, LLC ("Defendants"). ECF No. 1. On November 12, 2019, Plaintiff filed a motion seeking a temporary restraining order ("TRO") against Defendants, as well as non-parties, to stop eviction proceedings filed against him in state court. ECF No. 2. For the following reasons, Plaintiff's motion is denied.

"The grant of a TRO or a preliminary injunction is an 'extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Fowler v. Wells Fargo Home Mortg., Inc.*, Case No. GJH–15–1084, 2015 WL 2342377, at *2 (D. Md. May 13, 2015) (quoting *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011)). Federal Rule of Civil Procedure 65(b)(1) provides that the Court "may issue a temporary

restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Additionally, a plaintiff seeking a TRO must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *See Cantley v. W.V. Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014) (quoting *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008)).

Here, Plaintiff has not complied with the procedural requirements of Rule 65(b)(1) because he has not certified in writing any efforts that he made to give notice to Defendants, nor the reasons why notice should not be required. Accordingly, Plaintiff's motion for a temporary restraining order is improper under Rule 65. *See TFFI Corp. v. Williams*, Civil Action No. 8:13–cv–01809–AW, 2013 WL 6145548, at *3 (D. Md. Nov. 20, 2013) (denying an *ex parte* TRO motion for failure to comply with the procedural requirements of Fed. R. Civ. P. 65(b)(1)).

Additionally, federal statutes and controlling doctrine bar the relief Plaintiff seeks in requesting a TRO. Plaintiff petitions for two related orders from the Court: an "injunction on the unlawful eviction action"; and "an Injunction and Restraining Order pursuant to Rule 65 . . . to force the Banks attorneys [sic], the realtors, and the Property Management Companies to cease and deSIST [sic] all foreclosure and eviction efforts." ECF No. 2 at 1. Plaintiff insists that he "will suffer 'irreparable injury' so the Judge must stop the eviction, vacate the foreclosure judgment, and any proceedings immediately [sic]." *Id.* at 11. Based on allusions elsewhere in Plaintiff's filings, it appears that the "foreclosure judgment" was a state court's judicial

ratification of a foreclosure sale that took place on October 24, 2017, *see* ECF No. 1 at 11, 15, though Plaintiff has not identified a specific ruling or docket. The filings do make clear that the "unlawful eviction action" is a current proceeding in the District Court for Prince George's County, Docket No. 0501SP075442019. *See* ECF No. 1 at 3.[1] According to the online docket for that matter, a hearing is scheduled for November 14, 2019.

The Court cannot grant either request for relief. First, the Anti-Injunction Act, 28 U.S.C. § 2283, imposes on federal courts "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 250 (4th Cir. 2013) (alteration in original) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). The statute thus bars the Court from enjoining the ongoing eviction proceeding against Plaintiff unless an exception applies, and Plaintiff has not identified an applicable exception, nor could he. Instead, Plaintiff asks the Court to enjoin banks, realtors, and property management companies from proceeding with foreclosure and eviction. But "[i]t is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding." *Atl. Coast Line R.R. Co.*, 398 U.S. at 287.

Nor can the court "vacate the foreclosure judgment" against Plaintiff. ECF No. 2 at 11. Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *See Thana v. Bd. of License Comm'rs for Charles Cty.*, 827 F.3d 314, 320

---

[1] The Court takes judicial notice of this docket. *See Brown v. Ocwen Loan Servicing, LLC*, Case No. PJM 14-3454, 2015 WL 5008763, at *1 n.3 (D. Md. Aug. 20, 2015), *aff'd*, 639 F. App'x 200 (4th Cir. 2016).

(4th Cir. 2016) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). That description squarely applies to the foreclosure judgment here.

Finally, Plaintiff has not shown a likelihood of success on the merits of his claims. Success on a wrongful foreclosure claim is impossible because no such cause of action exists in Maryland. *See Littlejohn v. BWW Law Grp. & Assocs.*, Case No. PWG–14–1696, 2014 WL 6391119, at *4 (D. Md. Nov. 14, 2014) (citing *Davis v. Wilmington Fin., Inc.*, Case No. PJM–09–1505, 2010 WL 1375363, at *7 (D. Md. Mar. 26, 2010)). Although Plaintiff could be entitled to monetary relief if he could prove a violation of the FDCPA, the private cause of action under that statute does not allow for equitable relief. *See Vitullo v. Mancini*, 684 F. Supp. 2d 760, 763–64 (E.D.V.A. 2010); *Nott v. Bunson*, Case No. WMN–09–2613, 2009 WL 3271285, at *2 (D. Md. Oct. 9, 2009); *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 977 n.39 (5th Cir. 2000) (collecting cases). And a borrower who seeks to rescind a loan agreement because the lender allegedly violated TILA's disclosure provisions, as Plaintiff does here, must give notice to the lender within three years. *See Strickland-Lucas v. Citibank, N.A.*, 256 F. Supp. 3d 616, 629 (D. Md. 2017). Plaintiff's filings state that he entered the loan underlying this action in August 2007, but provide no indication that he gave timely notice of TILA rescission to the lender. ECF No. 1 at 8. Because Plaintiff's remaining claims largely flow from these three, Plaintiff has failed to show a sufficient likelihood of success on the merits for preliminary relief.

For the reasons stated, it is ordered by the United States District Court for the District of Maryland that Plaintiff's Non-Judicial Temporary Restraining Order – Permanent-Injunction & Demand for an Emergency Hearing Because of the Pending Lawsuit, ECF No. 2, is **DENIED**.

Date:   11/13/2019                                        /s/
                                                          GEORGE J. HAZEL
                                                          United States District Judge

4